1  Michele R. Stafford, Esq. (SBN 172509)
   TUCKER ARENSBERG, LLP
2  1098 Foster City Boulevard, Ste. 106 #700
3  Foster City, CA  94404
   Telephone: (650) 514-6238
4  Email: mstafford@tuckerlaw.com

5  Attorneys for Plaintiffs, International Painters and
   Allied Trades Industry Pension Fund, et al.
6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ARKANSAS PIPE TRADES HEALTH AND         Case No.:
12 |     WELFARE FUND;
   | OKLAHOMA STATE PIPE TRADES              **COMPLAINT**
13 |     ANNUITY FUND;
   | UNITED ASSOCIATION NATIONAL
14 |     PENSION FUND;
   | PLUMBERS AND PIPEFITTERS
15 |     INTERNATIONAL TRAINING FUND;
   | UNITED ASSOCIATION PLUMBERS AND
16 |     PIPEFITTERS LOCAL UNION 155,
17 |     Plaintiffs,
18 | v.
19 |
20 | STILES CONSULTING FIRM, LLC *dba*
   |     STILES FOODSERVICE AND
21 |     STAINLESS INSTALLATION, a
22 |     California Corporation;
   | COREY STILES, individually,
23 |
   |     Defendant.
24

25                                Parties

26     1.    Plaintiff, ARKANSAS PIPE TRADES HEALTH AND WELFARE FUND ("Welfare

27 Fund"), is an "employee benefit welfare plan" as defined in § 3(1) of ERISA as amended, 29 U.S.C. §

28 1002(1), for the purpose of providing health and welfare benefits to employees represented in collective

                                         1
**COMPLAINT**
Case No.:

bargaining by the Union. The Welfare Fund is authorized to sue in its own name pursuant to § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Welfare Fund is established, organized, and administered in Little Rock, Arkansas.

2.     Plaintiff, OKLAHOMA STATE PIPE TRADES ANNUITY FUND ("Annuity Fund") is an employee pension benefit plan as defined by § 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A), as the Annuity Fund was established to provide retirement income to employees. The Annuity Fund is jointly established by the United Association and employers in an industry affecting commerce, whose employees are Union-represented for collective bargaining purposes. The Annuity Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Annuity Fund is established, organized, and administered in Tulsa, Oklahoma.

3.     Plaintiff, UNITED ASSOCIATION NATIONAL PENSION FUND ("Pension Fund") is an "employee pension benefit plan" as defined in § 3(2)(a) of ERISA as amended, 29 U.S.C. § 1002(3)(a) established by United Association and employers in an industry affecting commerce, whose employees are members of the Union, for the purpose of providing pension benefits to the employees. The Pension Fund is authorized to sue in its own name by § 501(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Pension Fund is administered in Alexandria, Virginia and is located at 103 Oronco Street, Alexandria, Virginia 22314.

4.     Plaintiff, PLUMBERS AND PIPEFITTERS INTERNATIONAL TRAINING FUND ("International Training Fund") is an employee welfare benefit fund within the meaning of 29 U.S.C. § 1002(1), established by the United Association and employers in an industry affecting commerce, whose employees are members of the local unions, for purpose of providing training and education benefits to employees who are journeymen and apprentices. The International Training Fund is organized pursuant to 29 U.S.C. § 186(c)(6), and is administered in Three Park Place, Annapolis, Maryland, 21401.

5.     Plaintiff, UNITED ASSOCIATION PLUMBERS AND PIPEFITTERS LOCAL UNION 155 ("Local 155" or "Union"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 155 is located at 1223 West Markham Street, Little Rock, Arkansas, 72201. Local 155

1  negotiated a Project Labor Agreement with Stiles Consulting Firm for the duration of work for the Wal-Mart Central Utilities Plan and Food Kitchen. The Welfare Fund, Annuity Fund, Pension Fund, and International Training Fund are referenced collectively herein as the "Trust Funds." The Trust Funds and Local 155 are jointly and severally referenced herein as the "Plaintiffs."

6. Defendant, STILES CONSULTING FIRM, LLC *dba* STILES FOODSERVICE AND STAINLESS INSTALLATION ("Stiles Consulting") is an Employer engaged in the plumbing and pipefitting industry, and is a corporation organized under the laws of California. It has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has, at all material times, been engaged as a contractor or subcontractor in the industry of plumbing and pipefitting and, as such, has been and continues to be an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, 29 U.S.C. § 1002(12). Stiles Consulting is domiciled and does business out of an office and facility located in Ladera Ranch, California. Stiles Consulting may be served by delivering a copy of the summons to its registered agent for service of process: Corey Stiles at 7 Conyers Lane Ladera Ranch, CA 92694.

7. Defendant COREY STILES is an adult domiciled in Ladera Ranch, California, and is a sole LLC managing member and registered agent for the business entity Stiles Consulting Firm, LLC, *dba* Stiles Food Service, LLC. Corey Stiles may be served by delivering a copy of the summons to his residence: 7 Conyers Lane Ladera Ranch, CA 92694. Defendant Stiles Consulting and Defendant Corey Stiles are referred to collectively as "Defendants".

Jurisdiction

8. Jurisdiction in this action arises under ERISA § 502 and 515, 29 U.S.C. § 1132, and 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA as a result of Defendant Stiles Consulting's failure to comply with the terms of its collective bargaining and/or other labor agreement(s), entered into with its affiliated local union and/or district council.

9. Jurisdiction exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid

1  collective bargaining and/or other labor agreement.

2      10.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

11. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Defendants may be found at their principal place of business located in Ladera Ranch, California. Thus, jurisdiction and venue are properly grounded with this Court.

10. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §185, as this Court has jurisdiction over the parties, as the Defendants maintain their principal place of business in this district, and the claims arise in this district.

### Bargaining Agreement

11. On February 17, 2023, Defendant Corey Stiles, the Manager and President of Defendant Stiles Consulting, entered into a Project Labor Agreement ("PLA") which binds Stiles Consulting to the Collective Bargaining Agreement entitled, the "Construction Collective Bargaining Agreement" ("CBA"). The PLA is effective through the duration of work in the Union's jurisdiction. The PLA and the CBA are attached as Exhibits 1 and 2 respectively.

12. Defendant Stiles Consulting also agreed to be bound by the CBA along with the Declarations of Trust and Plan Documents of the Funds, which require Stiles Consulting to pay fringe benefit contributions to the Trust Funds at an hourly rate for all Journeymen and Apprentices. Defendant Stiles Consulting is required to remit contributions and send monthly reports to the Union no later than the fifteenth (15th) of each successive work month.

13. The PLA and CBA obligate Defendant Stiles Consulting to remit fringe benefits on behalf of employees engaged in covered employment and represented in collective bargaining by Local 155; the applicable rates for the Trust Funds and Local 155 are as follows:

    (a)    $5.46 per working hour to the Welfare Fund;

    (b)    .50 per working hour to the Annuity Fund;

    (c)    $7.10 per working Journeyman working hour and $2.42 per Apprenticeship working hour to the Pension Fund;

    (d)    $.10 per working hour to the International Training Fund; and

    (e)    4% of the wages earned for Working Assessment.

14. Defendant Stiles Consulting received and employed skilled journeymen and apprentices from Local 155 to set equipment, hangers, supports, and refrigeration line sets for the Wal-Mart Central Utilities Plant and Food Kitchen in Bentonville, Arkansas.

15. Defendant Stiles Consulting is also required, pursuant to the CBA along with the Declarations of Trust and Plan Documents of the Trust Funds, to pay liquidated damages for each delinquent contribution. The CBA along with the Declarations of Trust and Plan Documents of the Trust Funds also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

16. The CBA along with the Declarations of Trust and Plan Documents of the Trust Funds further require that Defendants maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by Defendants to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the CBA along with the Declarations of Trust and Plan Documents of the Trust Funds. Plaintiffs hereby reserve the right to complete an audit and claim all amounts found due.

## Factual Allegations

17. Until September 2023, Defendant Stiles Consulting filed remittance reports and submitted contributions to Local 155. In turn, Local 155 verified the working hours and directed the contributions to the individual Fund's administration.

18. Beginning in September 2023, Defendant Stiles Consulting ceased filing remittance

reports and failed to pay monthly fringe benefit contributions and working assessments for hours worked by employees performing covered employment.

19. Through its Business Manager, Local 155 attempted to obtain Defendant Stiles Consulting's compliance under the terms of the CBA. Defendant Corey Stiles represented that Defendant Stiles Consulting was waiting to be paid amounts from the general contractor.

20. However, on or about December 4, 2023, Defendant Corey Stiles informed the Business Manager for Local 155 that Defendant Stiles Consulting could not pay contributions and working assessments owed for September through December 2023 work months.

21. To avoid further accrual of delinquent contributions, Local 155 terminated the PLA with Defendant Stiles Consulting effective January 2024, as authorized by law and contract.

22. Prior to the filing this Complaint, Local 155 and the Trust Funds, through their counsel, made several attempts to contact Defendants both directly and through Stiles Consulting's third-party payroll department. Defendants failed to respond. The Trust Funds' counsel issued written demands to Defendant Stiles Consulting dated December 19, 2023, and February 6, 2024, requesting payment of the delinquent contributions.

23. Following the termination of the PLA, the Union contacted the employees to account for their hours worked for the period September through mid-December 2023. Based on the work histories, the following delinquent contributions, accruing interest, liquidated damages and working assessments are owed:

   (a) $8,045.09 in unpaid contributions to the Welfare Fund, $578.74 in interest at the rate of 10% per annum through July 2024, and $804.51 in liquidated damages;

   (b) $736.73 in unpaid contributions due to the Annuity Fund, $46.86 in interest at the rate of 10% per annum through July 2024, and $73.67 in liquidated damages;

   (c) $8,552.13 in unpaid contributions due to the Pension Fund, $739.11 in interest at the rate of 12% per annum through July 2024, and $837.14 in liquidated damages;

   (d) $147.35 in unpaid contributions due to the International Training Fund, $12.42 in interest at the rate of 12% per annum through July 2024, and $29.47 in liquidated damages; and

**COMPLAINT**
Case No.:

(e)     $2,019.45 in unpaid working assessments due to the Union.

22. In accordance with the Trust Funds' Delinquency Procedures, attached as Exhibit 3, the Welfare Fund and Annuity Fund are entitled to interest at the rate of 10% per annum and liquidated damages at 10%.

23. The Pension Fund is entitled to interest at the rate of 12% per annum and liquidated damages at 10%.

24. The International Training Fund is entitled to interest at the rate of 12% per annum and liquidated damages at 20%.

25. The Trust Funds are also entitled to recover all costs incurred in this collection matter to exact compliance under the CBA, Plan Documents, and Trust Agreements, including the costs of attorneys' fees and costs of this litigation.

26. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, including those found due on timecards, audit, or otherwise, and estimated contributions for any months Defendants failed to report to Plaintiffs, through the time of Judgment, including those specified above. Plaintiffs reserve the right to conduct an audit or a further audit to determine whether there are any additional amounts due from Defendants.

## FIRST CAUSE OF ACTION

### For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26, above.

28. As set forth above, Defendant has failed to pay:

(a) $8,045.09 in unpaid contributions to the Welfare Fund, $578.74 in interest at the rate of 10% per annum through July 2024, and $804.51 in liquidated damages;

(b) $736.73 in unpaid contributions due to the Annuity Fund, $46.86 in interest at the rate of 10% per annum through July 2024, and $73.67 in liquidated damages;

(c) $8,552.13 in unpaid contributions due to the Pension Fund, $739.11 in interest at the rate of 12% per annum through July 2024, and $837.14 in liquidated damages;

7

COMPLAINT
Case No.:

  (d) $147.35 in unpaid contributions due to the International Training Fund, $12.42 in interest at the rate of 12% per annum through July 2024, and $29.47 in liquidated damages; and

  (e) $2,019.45 in unpaid working assessments due to the Union.

29. Liquidated damages and interest have been incurred and are owed to Plaintiffs for any unpaid contributions for any unreported months, and interest continues to accrue on all unpaid delinquent contributions.

30. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs pursuant to the CBA, Plan Documents, and Trust Agreements. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty / Alter Ego Liability

### Against Individual Defendant Corey Stiles

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30, above.

32. As principal, sole owner and manager of Stiles Consulting, Defendant Corey Stiles holds or exercises discretion and control over significant funds, which are due and owing to the Plaintiffs Funds as contributions, and which under the terms of the Funds' Plan documents and law, constitute Fund assets. As such, he is a fiduciary of the Plaintiff Funds, and therefore, he is liable individually as a fiduciary of the Funds.

33. In addition, Corey Stiles is himself individually liable as an alter ego of the business sued herein for retaining the contributions and working assessments for his personal gain.

34. The Business Manager for Local 155 investigated the delinquent payments and was informed by the general contractor that it issued payment to Stiles Consulting for materials and labor. However, it is believed that Corey Stiles used the company's money for his own personal use.

35. Stiles Consulting's third-party payroll company (DM Bookkeeping, Inc.) responded to the Trust Funds' counsel by teleconference to the February 6, 2023, demand, and represented that Corey

8

**COMPLAINT**
**Case No.:**

Stiles refused to authorize paying outstanding bills for Stiles Consulting, including the delinquent contributions and working assessments. In addition, Corey Stiles refused to authorize its third-party payroll company to issue W2s for its employees for the 2023 tax year.

36. The Union, through its Business Manager, observed that Corey Stiles abandoned the project sometime in early December 2023, leaving active employees and failing to fulfill the company's obligation by paying the delinquent contributions owed. Additionally, Stiles Consulting failed to pay its employees for the last pay period. Instead, the general contractor paid the last pay period upon hiring the employees left behind by Stiles.

37. Because Corey Stiles and Stiles Consulting are the same, Corey Stiles should be personally liable for the fringe benefits contributions and working assessments that he chose not to pay on behalf of Stiles Consulting employees.

38. Corey Stiles, as an alter ego for his company Stiles Consulting, failed to remit contributions owed and file remittance reports from September 2023 to December 2023 under the terms of the CBA and the Trust Funds' documents in violation of §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

39. The Plaintiff Trust Funds are entitled to unpaid contributions under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and § 301 of the LMRA, 29 U.S.C. § 185. In addition to unpaid contributions, Local 155 is entitled to all working assessments under § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, the Funds are entitled to all interest on the unpaid contributions, liquidated damages, reasonable attorney's fees, and costs of litigation under § 502 of ERISA, 29 U.S.C. § 1132(g)(2), and the terms of the Funds' Plans.

40. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' parts to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the CBA and the Trust Funds' documents, and is restrained from continuing to refuse to perform as required thereunder.

41. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that

ERISA Plaintiffs and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

42.  This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.  For a judgment against Defendants as follows:

    (a)  Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i.  To Plaintiffs, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the CBA;

    (b)  Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the CBA, Plan Documents, and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c)  Interest on all late-paid and unpaid contributions at the rates set in accordance with the CBA, Plan Documents, and Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.  Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the CBA, Plan Documents, and Trust Agreements; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.  For an order,

    (a)  requiring that Defendants to comply with their obligations to Plaintiffs under the terms of the CBA, Plan Documents, and Trust Agreements, including permitting an audit of its records

1  if requested by Plaintiffs;

2      (b)    enjoining Defendants from violating the terms of those documents and of ERISA; and;

4      (c)    enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

7      4.    For an order declaring individual Defendant Corey Stiles to be personally liable for all amounts due herein as a fiduciary to the Plaintiff Funds and as an alter ego of Defendant Stiles Consulting Firm LLC *dba* Stiles Foodservice.

10     5.    That the Court retain jurisdiction of this case pending compliance with its orders.

11     6.    For such other and further relief as the Court may deem just and proper.

Date: August 30, 2024                          TUCKER ARENSBERG, LLP

                                            By:   */s/ Michele R. Stafford*
                                                    Michele R. Stafford, Esquire

                                                    Attorneys for Plaintiffs

**COMPLAINT**
**Case No.:**